made June 2, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

*William F. Cogswell* for appellant.

*Thomas Raines* for respondent.

Agree to affirm; no opinion.
All concur.
Judgment affirmed. ——————

ANGELA GARONI, as Infant, by GEORGE H. FINCK, his Guardian Ad Litem, Respondent, *v.* THE COMPAGNIE NATIONALE DE NAVIGATION of Marseilles, Appellant.

(Argued February 4, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made June 1, 1891, which affirmed a judgment in favor of plaintiff and affirmed an order denying a motion for a new trial.

*Esek Cowen* for appellant.

*Edward C. James* for respondent.

Agree to affirm; no opinion.
All concur, except EARL, Ch. J., and PECKHAM, J., dissenting on the ground that the charge to the jury was erroneous as to the degree of care resting upon the defendant.
Judgment affirmed. ——————

MARY E. SANGER, Appellant, *v.* JOHN C. MERRITT, JR., et al., as Executors, etc., et al., Respondents.

In an action of ejectment, to recover possession of certain lands situate in the town of Babylon, formerly Huntington, Long Island, which it was conceded the town formerly owned, plaintiff claimed title under one J. H., who, he alleged, with others, inhabitants of the town, owned the tract of which the lands were a part as tenants in common, and that a valid parol partition had been made between him and his co-tenants; J. H. was not one of the original proprietors of the town, but claimed

under a devise to him in the will of his father C. H.   The only evidence
that the latter was one of the original proprietors, was a written instru-
ment from the records of the town dated in 1767, signed by C. H.
and twenty-three others, not witnessed or acknowledged, in which they
recite that they are the proprietors of the tract.   *Held*, that these recitals,
were not evidence of the title as against defendants.

Reported on former appeal, 120 N. Y. 109.

(Argued February 5, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made July 2, 1891, which affirmed a judgment in favor of
defendants, entered upon a decision of the court on trial at
Circuit without a jury.

The following is the opinion in full :

" The plaintiff seeks to recover the possession of 259 acres
of pine brush land, in what is known as the third division of
the Baiting Place Purchase, in the town of Babylon, form-
erly Huntington, in the county of Suffolk.   The defendant
puts the plaintiff's title in issue and alleges title in himself
by adverse possession.   Both parties concede that by virtue of
certain royal or colonial grants the title was originally vested
in the town of Huntington in its corporate capacity.   The
plaintiff claims that in 1793 one John Hartt became seized of
the lands, and that by sundry mesne conveyances she has suc-
ceeded to his right of possession.

" When the case was before this court upon a former appeal,
(120 N. Y. 109), it was held that the plaintiff had failed to
show title in Hartt from the town of Huntington, principally
because the allotment of 1793, under which she claimed, was
void for want of conformity to the requirements of chapter 44
of the Laws of 1787, entitled ' An act for the prevention of
frauds.'   It was also held that Hartt's title could not be sup-
ported upon the theory that he was one of the proprietors of
the land, and that the allotment vested the legal title in him
through a partition between the owners; for the reasons : 1st,
That there was no evidence that he was one of the proprietors,
or even a freeman of the town before the allotment; 2d. That
the so-called partition was not in accordance with the statutes
then in force regulating partitions; and 3d. That the allot-

ment would not operate as a valid parol partition, unless the allottee had taken exclusive possession of the land under it, of which there was no evidence whatever.

" Tested by these rules it is apparent that the plaintiff failed upon the trial, now under review, to make good her title, and her complaint was properly dismissed. No such conveyance from the town of Huntington as the Statute of Frauds required, was shown. But the plaintiff insists that title to the tract, of which these lands are a part, was shown to be in John Hartt and others, as tenants in common, and that a valid parol partition between him and his co-tenants has been established. It is difficult to see, from the proofs in the case, how this contention can be upheld. It is evident that John Hartt was not one of the original proprietors of the town, or of these lands; but it is sought to invest him with all the rights of a proprietor, because of a devise to him of some lands in the ' Baiting Place Purchase' in the will of his father, Cornelius Hartt, which was made and probated in April or May, 1774. But there is no evidence that the father was one of the proprietors; nothing but a written instrument, dated May 28, 1767, produced from the records of the town clerk's office, signed and sealed by Cornelius Hartt and twenty-three others, not witnessed or acknowledged; in which they recite that they are the subscribers and proprietors of a tract of land in the Baiting Place Purchase. These recitals are not evidence of title against the defendant. (*Hardenburgh* v. *Lakin*, 47 N. Y. 109.) The same is true of the other instruments upon which plaintiff relies. The defendant is not affected by their contents, as he is not in privity with the parties who executed them; but is in by virtue of a hostile possession.

" The plaintiff also failed to show any such entry upon and exclusive possession of the premises in dispute by John Hartt as are necessary to render valid a parol partition thereof. No act of exclusive ownership or dominion is referred to; no actual possession proven; no claim of title even asserted. All that is shown is a receipt from the surveyor that on November 26, 1793, John Hartt paid sixteen shillings on account of some survey; but whether of these lands or of others, which appear in the same book, is left to conjecture.

" As the record does not disclose any material fact which impairs the force or application of the former decision in this case the judgment appealed from should be affirmed with costs."

*Joseph H. Choate* for appellants.

*Thomas Young* for respondents.

MAYNARD, J., reads for affirmance.
All concur.
Judgment affirmed. _____

MORRIS COLEMAN, as Administrator, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued February 5, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made September 8, 1891, which affirmed a judgment in favor of plaintiff and affirmed an order denying a motion for a new trial.

*C. D. Prescott* for appellant.

*E. D. Matthews* for respondent.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed. _____

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH WOOD, Appellant.

Upon the trial of an indictment for murder, one B. was rejected as a juror on the ground that he had an opinion as to the guilt or innocence of the prisoner, which he described as fixed and of long standing, and which would influence his conduct. . Upon appeal, it was objected that he was rejected without opportunity for cross-examination by the prisoner's counsel. It did not appear that this right was asserted or denied, or in any manner sought to be exercised upon the trial. *Held,* untenable.